**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

CHRISTOPHER ROBERTS,

Plaintiff,

v. Case No. 5:26-cv-117-MW/MJF

R. BASNAW, *et al*.,

Defendants.
___________________________________/

# REPORT AND RECOMMENDATION

In this section 1983 action, Plaintiff Christopher Roberts asserts that three employees of the Florida Department of Corrections violated the Eighth Amendment when they placed Plaintiff on "property restriction" for 72 hours. Because Plaintiff fails to state a claim upon which relief can be granted, the District Court should dismiss this civil action.

## BACKGROUND

### A. Plaintiff Commences this Civil Action

In his first amended complaint, Plaintiff asserts an Eighth-Amendment claim against R. Basnaw, R. Hampton, and D. Beppler. Doc. 7 at 3, 8.

On August 8, 2025, the rapid response team entered Plaintiff's dormitory at Graceville Correctional Facility and conducted a search of the dormitory. *Id.* at 5. During this search, Hampton found an "orange cup" in Plaintiff's cell. *Id.* at 5. As a result, Hampton and Basnaw decided to put Plaintiff on "property restriction" for 72 hours. *Id.* at 6. Hampton and Beppler removed from Plaintiff's cell all of Plaintiff's personal property, his clothing, and his mattress. Hampton also ordered Plaintiff to remove his clothing such that he was wearing only his underwear. *Id.* at 7. Plaintiff remained in his cell without his personal property, clothing, and bedding until August 11, 2025. *Id.* Plaintiff alleges that his cell was "freezing" and that he suffered pain. *Id.* at 7, 8.

**B. <u>The Undersigned's Order to Amend the Complaint</u>**

The undersigned conducted the mandatory, statutory screening of Plaintiff's first amended complaint. Because Plaintiff's first amended complaint failed to state a plausible claim for relief, the undersigned provided Plaintiff with an opportunity to amend his complaint. Doc. 9. The undersigned imposed a compliance deadline of August 6, 2026. *Id.* at 9. The undersigned warned Plaintiff that the failure to submit an amended complaint that corrected the defects with his claim likely would

result in dismissal of this case for failure to state a plausible claim for relief. *Id.* Plaintiff did not comply with that order.

## STANDARD

The District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

Plaintiff asserts that each Defendant violated the Eighth Amendment by placing Plaintiff on "property restriction" for 72 hours. Doc. 7.

An Eighth-Amendment conditions-of-confinement claim has two elements: one objective and one subjective. *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010); *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff has failed to allege both elements.

### A. <u>The Objective Element</u>

As to the objective element, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to" violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted). A "prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289, 1295 (11th Cir. 2004). Rather, "the challenged condition must be 'extreme,'" and at the very least must pose "'an unreasonable risk of serious damage to [the prisoner's] future health'

or safety." *Id.* at 1289 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). "Restrictive" and "even harsh" prison conditions simply "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Here, Plaintiff states that for three days in August 2025, Defendants required Plaintiff to remain in his cell clad only in his underwear and bereft of bedding and personal hygienic materials. Plaintiff states that his cell was "freezing" and that he suffered "pain."

These allegations are insufficient to meet the objective element of a conditions-of-confinement claim. Mere confinement "without clothing (other than boxers), bedding, or hygienic materials for 72 hours during the month[] of . . . August in Florida is not the type of extreme prison conditions that create a substantial risk of serious harm." *Woodson v. Whitehead*, 673 F. App'x 931, 932 (11th Cir. 2016); *see Turner v. Warden, GDCP*, 650 F. App'x 695, 701–02 (11th Cir. 2016) (prisoner's confinement in a strip cell for 10 days in October did "not rise to the level of cruel and unusual deprivations"); *O'Connor v. Kelley*, 644 F. App'x 928, 932 (11th Cir. 2016) (prisoner's placement on strip-cell status for longer than 72 hours during January in Florida, without a blanket, mattress or bed and

with only a "suicide shroud," did not violate the Eighth Amendment). Because Plaintiff's allegations do not meet the first element of a condition-of-confinement claim, Plaintiff has failed to state a plausible claim for relief.

**B. <u>The Subjective Element</u>**

There is a second, independent reason to dismiss this civil action: Plaintiff failed to allege sufficient facts regarding the subjective element.

To state a claim regarding the subjective element, a plaintiff must allege that the defendant acted with "deliberate indifference." A defendant acts with deliberate indifference when the defendant "was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (quoting *Farmer*, 511 U.S. at 839). That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, Plaintiff failed to allege facts that indicate any Defendant had subjective knowledge that Plaintiff faced a substantial risk of serious harm from the 72-hour property restriction. Although Plaintiff alleges

that the cell was "freezing," he offers no facts that would allow this court to infer Defendants knew Plaintiff faced a substantial risk of serious harm from being exposed to the air conditioning in the cell. Thus, Plaintiff has not alleged that any of the Defendants acted with deliberate indifference. Accordingly, for this reason too, Plaintiff has failed to state a plausible claim for relief.

## CONCLUSION

This court afforded Plaintiff an opportunity to state a plausible claim for relief. Plaintiff, however, elected not to amend his complaint. Because Plaintiff failed to state a plausible claim for relief, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B); and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 20th day of August 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make**

**recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**